1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10  PATRICK LAVIS PAGE JR,                          CASE NO. C12-5862 BHS-JRC

11                          Plaintiff,              REPORT AND RECOMMENDATION

12            v.                                    NOTED FOR:

13  STATE OF WASHINGTON et al,                      JANUARY 18, 2013

14                          Defendants.

15

16          This 42 U.S.C. §1983 civil rights action has been referred to the undersigned Magistrate

17  Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1,

    MJR 3, and MJR 4.

18
            The Court recommends that Defendants' motion to dismiss the action for failure to
19
    exhaust administrative remedies be granted (ECF No. 9). Plaintiff filed an emergency grievance.
20
    The grievance coordinator told plaintiff to file a regular grievance and provide more information.
21
    Plaintiff did not pursue the matter further or appeal (ECF No. 9, Attachment C). Plaintiff has not
22
    exhausted his administrative remedies.
23

24

REPORT AND RECOMMENDATION - 1

1                        <u>STANDARD OF REVIEW</u>

2         A motion to dismiss for failure to exhaust administrative remedies is an unenumerated

3 Fed. R. Civ. P. 12(b) motion. The burden of pleading and proving failure to exhaust

4 administrative remedies in a civil rights case is normally defendants'. The Court may consider

5 evidence outside the pleading without converting the motion to a motion for summary judgment.

6 *Wyatt v. Terhune,* 315 F.3d 1108 (9th Cir. 2003).

7                            <u>DISCUSSION</u>

8         Defendants have submitted plaintiff's grievance (ECF No. 9, Attachment C). A copy of

9 this same grievance and response, at an earlier stage, was attached to plaintiff's complaint, as

10 well (ECF No. 4). Defendants argue that plaintiff did not rewrite or resubmit his grievance when

11 he was told to do so.

12         The Prison Litigation Reform Act ("PLRA") requires plaintiff to exhaust whatever

13 administrative remedies are available to him prior to filing a complaint in federal court. The

14 relevant portion of the Act states:

15      No action shall be brought with respect to prison conditions under section 1983 of
     this title, or any other Federal law, by a prisoner confined in any jail, prison, or other
16      correctional facility until such administrative remedies as are available are
     exhausted.

17 42 U.S.C. § 1997e(a).

18         Here, plaintiff filed this action while incarcerated and the Act applies to him. *See* 42

19 U.S.C. §1997e(h). The statute defines "prisoner" to include any person confined in a facility for

20 a violation of criminal laws, including persons accused of, or convicted of crimes.

21         Having determined that the Act applies to plaintiff, it is clear that he did not exhaust his

22 available remedies. He failed to submit his grievance as a normal grievance and failed to provide

23 a re-write with more information after being told to do so (ECF No. 9, Attachment C).

24

REPORT AND RECOMMENDATION - 2

1    Defendants argue that plaintiff is now time-barred from filing a grievance and that he

2  cannot exhaust his administrative remedies. Defendants maintain that the action should be

3  dismissed with prejudice (ECF No. 9, page 5-6). In the Ninth Circuit, a dismissal for failure to

4  exhaust administrative remedies is an unenumerated Fed. R. Civ. P. 12(b) motion. *Wyatt v.*

5  *Terhune,* 315 F.3d 1108 (9th Cir. 2003). A careful reading of that decision reveals that the merits

6  of the case are not considered when a motion of this nature is before the Court and the proper

7  action is to dismiss the action without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th

8  Cir. 2003).The Court recommends that the motion be granted and that this action be dismissed

9  without prejudice.

10    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

11  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

12  6. Failure to file objections will result in a waiver of those objections for purposes of de novo

13  review by the district judge. *See* 28 U.S.C. § 63(b)(1)(C). Accommodating the time limit

14  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

15  January 18, 2013, as noted in the caption.

16    Dated this 21st day of December, 2012.

17

18

19    J. Richard Creatura
    United States Magistrate Judge

20

21

22

23

24